**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ACADEMY HOMES OF TYLER, LTD.** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | **CASE NO. 6:06-CV-159** | |
| § | | |
| **LAKESIDE PARK HOMES, INC.** § | | |
| § | | |
| **Defendant** § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Enforce Mediation Settlement Agreement (Docket No. 35). Having considered the parties' written arguments, the Court **DENIES** the motion without prejudice.

Academy Homes brought this diversity suit against Lakeside Park Home ("Lakeside") claiming that Lakeside breached a business contract, committed common law fraud, and fraudulently induced Academy into the business contract by misrepresenting its ability to perform. Academy Homes also claimed that Lakeside was liable under a theory of promissory estoppel because Academy reasonably and detrimentally relied on Lakeside's representations. The parties settled their dispute through mediation. On Academy Homes' motion, the Court dismissed the case with prejudice.

Academy Homes now moves to enforce the parties' settlement agreement (the "Agreement") claiming that Lakeside has failed to perform its obligations under the Agreement. Academy Homes requests a judgment be entered against Lakeside for all payments due under the Agreement and for attorneys' fees. Lakeside contends this Court lacks jurisdiction to enforce the Agreement since the

1

Court dismissed this action with prejudice.

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378; *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002). "[A] court's 'ancillary jurisdiction' 'to manage its proceedings, vindicate its authority, and effectuate its decrees' provides such an independent jurisdictional basis to enforce a settlement agreement only if 'the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal.'" *Hospitality House*, 298 F.3d at 430 (quoting *Kokkonen*, 511 U.S. at 380–81).

The Court did not incorporate the parties' settlement agreement into its dismissal order; therefore failure to abide by the settlement agreement is not a failure to comply with the Court's order. Although the Court is sympathetic to Academy Homes' situation and disappointed by Lakeside's alleged failure to comply with the settlement agreement, the Court lacks jurisdiction to enforce the parties' settlement. Accordingly, the Court **DENIES** the motion without prejudice to bringing it a court of proper jurisdiction.

**So ORDERED and SIGNED this 11th day of May, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**